**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **MARSHA HOUSER**, | |
| Plaintiff, | |
| v. | Case No. 16-cv-1628 (CRC) |
| **DAVID J. SHULKIN**,[1] Secretary, Department of Veteran Affairs | |
| Defendant. | |

## MEMORANDUM OPINION

Marsha Houser, a former employee of the United States Department of Veteran Affairs, brought suit against her former employer alleging discrimination on the basis of race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and discrimination on the basis of disability and retaliation in violation of the Rehabilitation Act, 29 U.S.C. § 794.[2] Defendant David J. Shulkin, the Secretary of the Department of Veteran Affairs, moved for dismissal or, in the alternative, for summary judgment. Because Houser failed to properly exhaust her administrative remedies, the Court grants Defendant's motion.

---

[1] By operation of Fed. R. Civ. P. 25(d), the current Secretary of the Department of Veteran Affairs, as former Secretary Robert A. McDonald's successor, has been "automatically substituted as a party."

[2] In her complaint, Houser refers to the Americans with Disabilities Act. Compl. 5. But since the Americans with Disabilities Act does not apply to the federal government, see 42 U.S.C. § 12111(5)(B)(i), the Court assumes she meant to refer to the Rehabilitation Act.

# I.    Background

Marsha Houser is an African-American woman who formerly worked in the Department of Veteran Affairs.  Compl. ¶ 4.  Following nine years of service in the United States Army, she was diagnosed with Post Traumatic Stress Disorder and Major Depressive Disorder.  Compl. ¶¶ 6–7.  On February 11, 2014, Houser submitted a request for an accommodation due to her disability.  Compl. ¶ 14; Def's. Mot. Dismiss, or Alternatively, for Summ. J. Ex. A ("Demarins Decl."), Ex. 1, at 88.  She followed up with a second request for an accommodation on April 4, 2014.  Compl. ¶ 17; Demarins Decl. Ex. 1, at 29, 61–64.  The agency promptly responded with an email asking for further documentation regarding which "aspects of [Houser's] job requires [her] to have accommodation."  Demarins Decl. Ex. 5, at 44.  Houser submitted a third request for an accommodation on October 30, 2014.  Compl. ¶ 24; Demarins Decl. Ex. 1, at 29, 33–34.  Less than a month later, on November 21, 2014, Houser met with an Equal Employment Opportunity ("EEO") Counselor at the Department, alleging that she was discriminated against because of her disability.  Def.'s Mot. Dismiss, or Alternatively, for Summ. J. Ex. B ("Johnson Decl.") ¶ 2 & Ex. 1, at 1.  This informal counseling process proved unsuccessful and on February 11, 2015, Houser received a letter notifying her of the opportunity to file a complaint related to her allegations.  Johnson Decl. ¶ 4 & Ex. 2, at 1.  Ultimately, her EEO case was closed on March 10, 2015, with the reason listed as "[w]ithdrawal (no formal complaint filed)."  Johnson Decl. Ex. 4.

On December 1, 2014, Houser was terminated from employment at the Department.  Demarins Decl. ¶ 2.  She filed an appeal of this adverse personnel action to the Merit Systems Protection Board ("MSPB") the next day.  Demarins Decl. ¶ 3 & Ex. 1, at 2–4.  After being permitted to withdraw her complaint due to family medical issues, Houser re-filed with the

MSPB on October 1, 2015. Demarins Decl. ¶¶ 4, 7; id. Ex. 2, at 2 (MSPB order); id. Ex. 4, at 2 (MSPB complaint). In her proceeding before the MSPB, Houser raised affirmative defenses of discrimination on the basis of disability and retaliation for whistleblowing activities. Demarins Decl. Ex. 10, at 1. The MSPB ordered Houser to present evidence on her affirmative defenses and to respond to the Department's associated discovery requests. Id.; id. at 7 (MSPB order of April 18, 2016). When she failed to do so, the MSPB barred her from raising these claims or introducing evidence on them at her hearing. Demarins Decl. Ex. 11, at 2–3 (MSPB order of May 12, 2016). The MSPB ultimately upheld Houser's removal on May 31, 2016. Demarins Decl. Ex. 12, at 1 (MSPB order). Houser then appealed this decision to the Equal Employment Opportunity Commission ("EEOC"), which denied her appeal on the basis that the MSPB had not addressed any matters within the EEOC's jurisdiction. Demarins Decl. Ex. 13, at 1 (EEOC order of July 8, 2016).

While her MSPB case was pending, Houser again contacted an EEO Counselor on March 2, 2016, once more raising her allegation of discrimination on the basis of disability and retaliation in the form of the Department's failure to accommodate and its termination of Houser in December 2014. Johnson Decl. ¶ 12 & Ex. 8, at 2. Houser received her notice of the right to file a complaint on April 26, 2016, and she filed a formal complaint with the agency on May 1. Johnson Decl. ¶¶ 15–16; id. Ex. 9, at 1 (right to file letter); id. Ex. 10, at 1 (complaint). This compliant was dismissed by the agency as untimely since Houser had raised the same allegations in 2014 yet did not file a timely formal complaint at that time. Johnson Decl. ¶ 17 & Ex. 11.

On August 18, 2016, Houser filed the present suit against the Department in this Court. She raised three claims: discrimination on the basis of race, discrimination on the basis of disability, and retaliation for engaging in activities protected by the Rehabilitation Act. Compl 5.

## II. Standard of Review

The Department has filed a motion to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56. Where, as here, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); see also Center for Auto Safety v. Nat'l Highway Transp. Safety Admin., 452 F.3d 798, 805 (D.C. Cir. 2006). Such treatment is appropriate if the parties are "given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(c). Houser has been accorded a reasonable opportunity to respond and present evidence given that the Department styled its motion as one for summary judgment in the alternative and presented all materials relied on herein as declarations and exhibits to that motion. See, e.g., Center for Auto Safety, 452 F.3d at 805. The Court will therefore treat the Department's motion as one for summary judgment.

Summary judgment is appropriately granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the Court must "'examine the facts in the record and all reasonable inferences derived therefrom in a light most favorable to' the nonmoving party." Robinson v. Pezzat, 818 F.3d 1, 8 (D.C. Cir. 2016) (citation omitted).

## III. Analysis

Federal law protects federal employees from discrimination on the basis of their race or disability in employment. See 29 U.S.C. § 794 (disability); 42 U.S.C. § 2000e-2 (race). If a federal employee wishes to bring suit against her employer alleging a violation of her rights, she must first "navigate a maze of administrative processes[.]" Niskey v. Kelly, 859 F.3d 1, 5 (D.C.

Cir. 2017). These procedures are the same for claims under both Title VII and the Rehabilitation Act. 29 C.F.R. § 1614.103(a).

First, an aggrieved party must consult with the federal agency's Equal Employment Opportunity ("EEO") Counselor within 45 days of the allegedly discriminatory incident. 29 C.F.R. § 1614.105(a). At this initial session, the EEO Counselor informs the employee of her rights and responsibilities. Id. § 1614.105(b)(1). If the informal counseling process proves unsuccessful, the EEO Counselor must inform the employee of her right to file a complaint. Id. § 1614.105(d). The employee must file her formal complaint with the agency within 15 days of receiving such notice. Id. § 1614.106(b). The agency then has 180 days to complete its investigation of the complaint. Id. § 1614.108(e). Upon receiving a final agency decision, the employee may either appeal to the EEOC within 30 days or go straight into federal court within 90 days. Id. §§ 1614.402(a), 1614.407(a).

This case, however, presents an additional wrinkle: Houser's case involves a "mixed case," where "the asserted claim (or claims) both arises under a federal employment discrimination law (such as Title VII) and also relates to or stems from an action that is within the jurisdiction of the Merit Systems Protection Board," such as Houser's dismissal. Niskey, 859 F.3d at 6. In such a case, the employee has the option of "forgo[ing] the internal agency exhaustion process and tak[ing] [her] claim directly to" the MSPB. Id. at 7. If the MSPB upholds the agency action, the employee may then pursue review before the EEOC or directly in federal court. Id.

Houser's complaint alleges three claims. Because Houser stopped partway through the administrative process for each of these claims, summary judgment is appropriate for the Department on all counts.

### A. Count I: Race Discrimination

First, Houser alleges discrimination on the basis of race in violation of Title VII. This claim, however, fails to cross the first hurdle for exhaustion: Houser never raised racial discrimination with an EEO Counselor. The report from Houser's first meeting with an EEO Counselor, in November 2014, states that her claim was solely "discrimination on the basis of disability (physical)." Johnson Decl. Ex. 1, at 2.

Of course, because this is a mixed case, her failure to contact an EEO Counselor might be excused if Houser raised her racial discrimination claim before the MSPB. See Niskey, 859 F.3d at 7. But the record from the MSPB proceeding is similarly devoid of any references to racial discrimination. See Demarins Decl. Ex. 10, at 1 (MSPB order of April 18, 2016 listing the affirmative defenses raised by Houser as "discrimination (failure to accommodate), retaliation (whistleblowing), and harmful procedural error"). Because Houser never raised her racial discrimination claim with an EEO Counselor or before the MPSB, she failed to exhaust her administrative remedies as to it.

### B. Count II: Disability Discrimination

Next, Houser alleges discrimination on the basis of disability in violation of the Rehabilitation Act. In contrast to her race discrimination claim, Houser did raise this claim with the EEO Counselor at their November 2014 meeting. Johnson Decl. Ex. 1, at 2. But Houser has presented no evidence to contradict the Department's credible evidence that no formal complaint was filed within fifteen days of her February 11, 2015 right to file letter, see Johnson Decl. ¶ 8 ("[The agency] has no record of receiving a formal complaint from Houser. . . ."); id. Ex. 4 (agency record showing Houser's EEO case status as "[w]ithdrawal (no formal complaint

filed)"). Houser thus failed to properly complete the internal administrative review process for her disability discrimination claim.

Again, this failure could be excused had Houser litigated her disability discrimination claims before the MSPB. See Niskey, 859 F.3d at 7. Houser admittedly raised disability discrimination to the MSPB. See Demarins Decl. Ex. 10, at 1 (MSPB order of April 18, 2016 noting that Houser raised an "affirmative defense[] of disability discrimination"). But Houser ultimately abandoned her disability discrimination argument. The MSPB's April 18, 2016 order obligated Houser to "specifically identify the factual bases for [this] claim[]" and warned that "failure to supply the required information will result in [this claim] being excluded from the hearing." Demarins Decl. Ex. 10, at 1; see also id. at 7 ("Failure to respond fully and completely to the information required to support the identified affirmative defenses will result in the exclusion of evidence from the hearing and from consideration in the appeal." (emphasis in original)). Houser "failed to respond in any way to the Order on affirmative defenses" and never "responded to the agency's discovery requests in relation to" her disability discrimination claim. Demarins Decl. Ex. 11, at 2 (MSPB Order of May 12, 2016). For this reason, the MSPB excluded any consideration of her disability discrimination defense. Id. at 2–3.

The D.C. Circuit has recognized that a plaintiff is barred from raising claims before a court when she has "refused to cooperate in [the administrative] process." Butler v. West, 164 F.3d 634, 643 (D.C. Cir. 1999); see also Koch v. White, 744 F.3d 162, 165 (D.C. Cir. 2014) ("A plaintiff's suit 'will be barred for failure to exhaust administrative remedies' if he 'forces an agency to dismiss or cancel the complaint by failing to provide sufficient information to enable the agency to investigate the claim.'" (quoting Wilson v. Peña, 79 F.3d 154, 164 (D.C. Cir. 1996)). By failing to respond to the MSPB's order, answer the Department's discovery requests,

or introduce evidence to support her claims, Houser failed to cooperate in the administrative process and abandoned her disability discrimination claim before the MSPB. She therefore cannot now raise it in federal court.

C.      Count III: Retaliation

Finally, Houser alleges that the Defendant retaliated against her because of her protected activities. Houser's briefing clarifies that this protected activity is her "request for reasonable accommodation." Pl.'s Opp'n to Def. Mot. Dismiss 10. But as with Houser's racial discrimination claim, she did not raise a retaliation claim with the EEO Counselor in 2014. See Johnson Decl. Ex. 1, at 2. Nor did Houser raise such a claim before the MSPB—the MSPB order states that her retaliation claim was related to "whistleblowing" rather than a request for accommodation. Demarins Decl. Ex. 10, at 1 (MSPB order of April 18, 2016). In any event, Houser abandoned the retaliation claim before the MSPB just as she did the disability discrimination claim. See Demarins Decl. Ex. 11, at 2–3 (MSPB order of May 12, 2016). Because Houser did not either timely raise this claim with an EEO Counselor or fully litigate it before the MSPB, she failed to exhaust her administrative remedies.[3]

---

[3] Nor does Houser's second round of contact with the EEO Counselor suffice to exhaust any of her claims. Her complaint concerns events from 2014. See, e.g., Compl. ¶ 27 ("On November 25, 2014, Ms. Houser was notified that her position with Defendant was terminated."). Employees must initiate contact with an EEO Counselor within 45 days of the alleged violation. 29 C.F.R. § 1614.105(a). A meeting on March 2, 2016, clearly falls more than 45 days after any events in 2014.

## IV.    Conclusion

For the foregoing reasons, the Court will grant Defendant's motion.  A separate Order accompanies this Memorandum Opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  _August 28, 2017_____